Jose G. Santiago, Esq. (JS 9430)
Hedayati Law Group, P.C.
*Attorneys for Plaintiff*
900 Wheeler Road, Suite 225
Hauppauge, New York 11788
jgs@hedayatilaw.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
WILLIAM HALL,

                        Plaintiff,

   - against-

NEW YORK CITY POLICE DEPARTMENT,
NEW YORK CITY,


                        Defendant.
------------------------------------------------------------X

SECOND AMENDED COMPLAINT

Case No.: 12-CV-1928 (SLT)(MDG)

*Jury Trial Demanded*

Plaintiff, **WILLIAM HALL** by and through his attorneys, **HEDAYATI LAW GROUP, P.C.**, complains and alleges as follows:

### I. PRELIMINARY STATEMENT

1. Plaintiff brings this civil action against his employer, the City of New York, (hereinafter "NYC"), in particular the New York City Police Department (hereinafter "NYPD") seeking declaratory relief, monetary damages and affirmative relief based upon Defendant's violations of the Americans with Disabilities Act of 1990, as amended (hereinafter "ADA"), 42 U.S.C. § 12101 *et seq*., Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 *et seq.* (hereinafter, "ADEA"), the New York State Human Rights Law (hereinafter "NYSHRL"), N.Y. Executive Law § 296 *et seq.* (McKinney 1993 and 2001

1

Supp.), New York City Human Rights Law, N.Y. Admin Code 8-101, *et seq.* (hereinafter "NYCHRL") and other appropriate rules, regulations, statutes and ordinances.

2. Mr. Hall alleges that Defendant discriminated against him with respect to the terms and conditions of his employment based on his disability (loss of hearing) and age.

3. Plaintiff also brings claims against Defendant for retaliating against him because he complained of discrimination.

## II.   JURISDICTION AND VENUE

4. This court has subject matter jurisdiction over this action and jurisdiction over Defendant NYC, pursuant to 42 U.S.C. § 12101 *et seq.*, 29 U.S.C. § 621 *et seq*, and 28 U.S.C. §§ 1331 and 1337.

5. This court has supplemental jurisdiction over Plaintiff's NYSHRL and NYCHRL claims pursuant to 28 U.S.C. § 1367.

6. This action properly lies in the United States District Court for the Eastern District of New York, pursuant to 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000e-5(f)(3), because the unlawful employment practices giving rise to the action occurred in the state of New York, county of Queens.

7. The federal and state claims set forth herein derive from a common nucleus of operative facts.

8. Plaintiff filed a timely charge of discrimination with the New York State Division of Human Rights (hereinafter "DHR") and the Equal Employment Opportunity Commission (hereinafter "EEOC") and brings this action within ninety (90) days of the receipt of a Notice of Right to Sue, issued by the EEOC on January 23, 2012, a true and accurate copy of which is attached hereto as **Exhibit "A**."

9. This Court has the power to issue declaratory relief pursuant to 28 U.S.C §§ 2201 and 2202.

### III.   PARTIES

10. Plaintiff, **WILLIAM HALL**, ("Plaintiff") is and was at all times relevant herein, a domiciliary of the State of New York residing in Nassau County.

11. Plaintiff is and has been at all times relevant herein, an "employee" within the meaning of the ADA and ADEA, and a "person" within the meaning of NYSHRL and NYCHRL.

12. At all times relevant to the Complaint, Plaintiff was a "qualified individual with a disability" within the meaning of 42 U.S.C § 12111(8) and has suffered from a "disability" within the meaning of § 292(21) of NYSHRL and § 8-102 of NYCHRL.

13. Upon information and belief, Defendant **NYPD** is a municipal law enforcement agency operating under laws of the State of New York.

14. At all times relevant to the Complaint, Defendant has been an "employer" within the meaning of the ADA, ADEA, NYSHRL and NYCHRL.

### IV. STATEMENT OF FACTS

15. Plaintiff was born on December 14, 1953 and is fifty-nine (59) years of age.

16. In June 1985, Plaintiff began his employment with Defendant as an auto mechanic.

17. Since childhood, Plaintiff has suffered from a disability, to wit: deafness in one ear.

18. Plaintiff has been employed by Defendant for approximately 28 years.

19. Throughout Plaintiff's employment, despite his disability, Plaintiff performed his duties in a satisfactory manner.

20. Throughout Plaintiff's employment, Defendant was aware of Plaintiff's disability.

21. In or around 1991, Plaintiff was promoted to the parts department, where he remained for the next twenty-one (21) years.

### 2010 – Discriminatory Transfer

22. In or around October 2010, Plaintiff was still employed in Defendant's parts department.

23. One of Plaintiff's job duties included answering the parts department telephone.

24. On several occasions, someone other than Plaintiff would lower or turn off the ringer to the parts department telephone.

25. Because the phone would either not ring, or ring very low, Plaintiff could not hear the phone ringing because of his disability.

26. On several occasions, Plaintiff's coworkers and supervisors admonished Plaintiff for not answering the phone.

27. Because Plaintiff could not hear the parts department phone when the ringer was set to low, Plaintiff requested from Defendant a louder phone with a ringer that could not be lowered.

28. Instead of providing Plaintiff with this reasonable accommodation, Defendant transferred Plaintiff from the parts department back to the shop as an auto mechanic.

29. Upon information and belief, Defendant replaced Plaintiff with a significantly younger and non-disabled coworker.

### 2011 – Discriminatory Comments

30. Throughout 2011, Plaintiff's coworkers and supervisor – Chris Devaney – antagonized Plaintiff because of his age and disability.

31. Chris Devaney and Plaintiff's coworkers insulted Plaintiff by calling him a *stupid old fuck*, *idiot*, and *jerk*. In addition, Chris Devaney and Plaintiff's coworkers would comment to Plaintiff, *"you ask too many questions," "I told you a thousand times,"* and *"don't make me tell you again."*

32. Upon information and belief, the latter comments were made because of Plaintiff's

disability.

2011 – Retaliation – Plaintiff Denied Overtime

33. In or around July 2011, Plaintiff filed a complaint with the DHR based on Defendant's age and disability discrimination.

34. Upon information and belief, Defendant became aware of Plaintiff's first complaint to the DHR in or around August 2011.

35. After Defendant became aware of Plaintiff's complaint, Defendant unlawfully retaliated against Plaintiff by not affording him the opportunity to work overtime, even though Plaintiff's coworkers did in fact work overtime.

36. For example, one evening after a December 2011 snowstorm, Plaintiff and his coworkers were given an opportunity to work overtime.

37. After working two (2) hours of overtime, Defendant sent Plaintiff home and did not allow him to earn additional overtime; however, Plaintiff's younger coworkers were allowed to work four (4) additional overtime hours.

38. Defendant has continued to discriminate and retaliate against Plaintiff by intentionally assigning significantly more overtime hours to Plaintiff's coworkers than to Plaintiff.

39. Based on the aforementioned, Defendant discriminated against Plaintiff upon the basis of his age and disability and retaliated against him for complaining of age and disability discrimination in violation of federal, state and city law.

**V. CLAIMS FOR RELIEF**

FIRST, SECOND AND THIRD CLAIMS FOR RELIEF
(Disability Discrimination –ADA, NYSHRL and NYCHRL)

40. Plaintiff repeats and realleges each and every allegation contained herein.

41. Defendant unlawfully discriminated against Plaintiff on the basis of his disability in violation

5

of the ADA, NYSHRL and NYCHRL by engaging in a course of conduct which included unlawful transfer, creating a hostile work environment and denying him overtime because of his disability and/or perceived disability.

42. As a proximate result of Defendant's discrimination, Plaintiff has suffered and continues to suffer substantial loss of past and future earnings, deferred compensation, bonuses and other employment benefits.

43. As a further and proximate result of Defendant's actions, Plaintiff suffered and continues to suffer severe and lasting embarrassment, humiliation, mental and physical anguish and other incidental and consequential damages and expenses.

44. The conduct of Defendant was outrageous and done in conscious disregard of Plaintiff's rights. Therefore, Plaintiff is entitled to equitable and injunctive relief, an award of compensatory damages, punitive damages, expenses and attorneys' fees in an amount to be determined at trial.

FOURTH, FIFTH AND SIXTH CLAIMS FOR RELIEF
(Age Discrimination – ADEA, NYSHRL and NYCHRL)

45. Plaintiff repeats and realleges each and every allegation contained herein.

46. Defendant unlawfully discriminated against Plaintiff on the basis of his age in violation of the ADEA, NYSHRL and NYCHRL by engaging in a course of conduct which included unlawful transfer, creating a hostile work environment and denying him overtime because of his age.

47. Defendant knew or should have known about the discriminatory treatment of Plaintiff.

48. Defendant failed or refused to take reasonable action to correct the discriminatory treatment of Plaintiff.

49. As a proximate result of Defendant's discrimination, Plaintiff has suffered and continues to

suffer substantial loss of past and future earnings, bonuses and other employment benefits.

50. As a further proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages and expenses.

51. The conduct of Defendant was done in conscious disregard of Plaintiff's rights. Therefore, Plaintiff is entitled to an award of punitive damages from Defendant in an amount to be determined at trial.

### SEVENTH, EIGHTH, NINTH AND TENTH CLAIMS FOR RELIEF
(Retaliation – ADA, ADEA, NYSHRL, and NYCHRL)

52. Plaintiff repeats and realleges each and every allegation contained herein.

53. Defendant has retaliated against Plaintiff because of his complaints of disability and age discrimination in violation of the ADA, ADEA, NYSHRL and NYCHRL.

54. As a proximate result of Defendant's retaliation, Plaintiff has suffered and continues to suffer substantial loss of past and future earnings, bonuses, and other employment benefits.

55. As a further proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages and expenses.

56. The conduct of Defendant was done in conscious disregard of Plaintiff's rights. Therefore, Plaintiff is entitled to equitable and injunctive relief, an award of punitive damages, compensatory damages, expenses and attorneys' fees from Defendant in an amount to be determined at trial.

### DEMAND FOR JURY TRIAL

57. Plaintiff repeats and realleges each and every allegation contained herein.

58. Plaintiff hereby demands a trial by jury.

**WHEREFORE**, as a result of the discriminatory conduct and actions of Defendant alleged herein, Plaintiff demands judgment:

a. Declaring that the acts and practices complained of herein are in violation of the ADA, ADEA, the NYSHRL and NYCHRL;

b. Awarding Plaintiff back pay and all benefits which would have been afforded Plaintiff but for said discrimination and retaliation;

c. Awarding Plaintiff compensatory damages and damages for mental anguish and emotional distress under ADA, ADEA, the NYSHRL and NYCHRL;

d. Awarding Plaintiff reasonable attorneys' fees under the ADA, ADEA and NYCHRL;

e. Awarding Plaintiff punitive damages under the ADA, ADEA, NYSHRL and NYCHRL;

f. Awarding Plaintiff pre- and post- judgment interest on all Claims for Relief;

g. Issuing a permanent injunction enjoining Defendant, their agents, employees, officers, and successors in interest, and those acting in concert with Defendant from engaging in the illegal and unlawful customs, policies, and practices described herein;

h. Awarding Plaintiff the costs and disbursements of this action, including expert fees and disbursements.

Dated: Hauppauge, New York
      January 31, 2013

**HEDAYATI LAW GROUP, P.C.**
*Attorneys for Plaintiff*

By: _____/s/_____
Jose G. Santiago, Esq. (JS 9430)
900 Wheeler Road, Suite 225
Hauppauge, New York 11788
(631) 775-9900
jgs@HedayatiLaw.com